**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| STUMPF PORK, INC., f/k/a GLENN STUMPF FARMS, | ) )  ) |
| Plaintiff, | ) ) |
| vs. | )   CIVIL NO. 08-81-GPM ) |
| GENETIPORC, U.S.A., L.L.C., | ) ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

**MURPHY, District Judge:**

A review of the complaint (Doc. 2) in this case raises a jurisdictional concern which must be immediately addressed. The Seventh Circuit repeatedly warns litigants and district courts that subject matter jurisdiction is not an issue to be taken lightly. *See, e.g., Belleville Catering Co. v. Champaign Market Place, L.L.C.*, 350 F.3d 691, 692 (7th Cir. 2003) ("[o]nce again litigants' insouciance toward the requirements of federal jurisdiction has caused a waste of time and money").

In this case, Plaintiff seeks to invoke the Court's jurisdiction on the basis of diversity of citizenship, pursuant to 28 U.S.C. § 1332. In order for this Court to have diversity jurisdiction under 28 U.S.C. § 1332, the parties must be of diverse citizenship and the amount in controversy must exceed the sum or value of $75,000, exclusive of interest and costs.

Plaintiff alleges that it is an Illinois corporation with its principal place of business in Columbia, Illinois, and that the amount in controversy exceeds $75,000, exclusive of interest and costs. So far, so good. But Plaintiff also alleges that Defendant Genetiporc, "is a limited liability

company, organized under the laws of the State of Minnesota with its principal place of business in Alexandria, Minnesota." (*See* Doc. 2, para. 2).

"[I]n a diversity case, whenever there is an unconventional party (that is, someone or something other than either a natural person suing in his own rather than a representative capacity, or a business corporation) a jurisdictional warning flag should go up." *Cosgrove v. Bartolotta*, 150 F.3d 729, 731 (7th Cir. 1998). In *C.T. Carden v. Arkoma Associates*, 494 U.S. 185 (1990), the Supreme Court articulated the general rule that "every association of a common law jurisdiction other than a corporation is to be treated like a partnership." *Indiana Gas Co. v. Home Ins. Co.*, 141 F.3d 314, 317 (7th Cir.), *cert. denied*, 119 S. Ct. 339 (1998). Congress has chosen to establish special rules for determining the citizenship of certain kinds of associations - specifically, corporations, decedents' estates, and insurers named as defendants in direct actions, *see* 28 U.S.C. § 1332(c); however, because the statute is silent with respect to limited partnerships and limited liability companies, the Court must "apply the norm that all unincorporated associations are treated as partnerships." *Indiana Gas*, 141 F.3d at 318. Unincorporated business entities, *i.e.*, limited partnerships and limited liability companies, are treated as citizens of every state of which any partner or member is a citizen. *Id.* at 316-17. If Genetiporc U.S.A. is in fact a limited liability company, the Court must know the citizenship of each of its members.

"[S]ubject matter jurisdiction must be a matter of certainty and not of probabilities," *Murphy v. Schering Corporation*, 878 F. Supp. 124, 125-26 (N.D. Ill. 1995), and, at this time, the Court is not satisfied that jurisdiction exists. *See Tylka v. Gerber Prods. Co.*, 211 F.3d 445, 447 (7th Cir. 2000) (noting that federal courts are obligated to inquire *sua sponte* whenever a doubt arises as to the existence of federal jurisdiction). "[W]hile a court must dismiss a case over which it has no

jurisdiction when a fatal defect appears, leave to amend defective allegations of subject matter jurisdiction should be freely given." *Leaf v. Supreme Court of Wis.*, 979 F.2d 589, 595 (7th Cir. 1992). Accordingly, pursuant to 28 U.S.C. § 1653, Plaintiff shall, on or before **February 22, 2008**, file an amended complaint that properly invokes the Court's subject matter jurisdiction. Failure to do so will result in the dismissal of this action for lack of subject matter jurisdiction.

    **IT IS SO ORDERED.**

    DATED: 2/8/08

s/ *G. Patrick Murphy*
G. Patrick Murphy
United States District Judge